**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

Eastern District of Kentucky
FILED

MAY 0 1 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO.: 6: 26-cR- 71- REW-

UNITED STATES OF AMERICA                                   PLAINTIFF

V.                          **PLEA AGREEMENT**

NOAH BACK                                                   DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information which charges a violation of 18 U.S.C. § 2423, transportation of a minor with intent to engage in criminal sexual activity. Pursuant to Rule 11(c)(1)(A), the United States agrees not to bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the Information are:

   (a) The Defendant knowingly transported an individual;

   (b) The individual transported was under 18 years of age;

   (c) The Defendant intended the individual to engage in criminal sexual activity; and

   (d) The transportation was in interstate commerce.

3. As to the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

On or about October 28, 2024 and continuing through on or about October 29, 2024, in Perry County, in the Eastern District of Kentucky, and elsewhere, the Defendant, Noah Back, a 25-year-old man, transported a minor across state lines with intent to engage in criminal sexual activity. Specifically, during that time period, the Defendant left from Perry County with a 14-year-old minor female and took her to Atlanta, Georgia. While in Atlanta, the pair engaged in sexual intercourse. The Defendant's conduct violated Georgia Criminal Code § 16-6-3 which criminalizes sexual intercourse with any person under the age of 16 years.

4. The statutory punishment for the Information is not less than 10 years nor more than life imprisonment, not more than $250,000 fine, and supervised release for not less than 5 years nor more than life. A mandatory special assessment of $100 per count applies and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court. An additional special assessment of $5,000 per count may apply for non-indigent Defendant, pursuant to 18 U.S.C. § 3014. The Defendant will pay these assessments as applied to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

b) Pursuant to U.S.S.G. § 2G1.3(a), the base offense level is 28.

c) Pursuant to U.S.S.G. § 2G1.3(b)(1), the Defendant was not a parent, relative, or legal guardian of the minor nor was the minor otherwise in the custody, care, or supervisory control of the Defendant.

d) Pursuant to U.S.S.G. § 2G1.3(b)(2)(B), the Defendant did not unduly influence a minor to engage in prohibited sexual conduct.

e) Pursuant to U.S.S.G. § 2G1.3(b)(4)(A), increase the offense level by 2 because the offense involved the commission of a sex act or sexual contact.

f) Pursuant to U.S.S.G. § 2G1.3(c)(1-3), this offense should not cross reference to another guideline section.

g) Pursuant to U.S.S.G. § 4B1.5, increase the offense level by 5 because the instant offense is a covered sex crime, neither §4B1.1 nor subsection (a) of § 4B1.5 applies, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised

3

release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

4

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

Date: 4/27/26     By: _____
Justin Blankenship
Assistant United States Attorney

Date: 4-27-2026     _____
Noah Back
Defendant

Date: 4-27-2026     _____ for
Steve Romines
Attorney for Defendant

5