**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:26-CR-071-REW**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **MEMORANDUM ADDRESSING UNRESOLVED GUIDELINE OBJECTIONS**

**NOAH BACK** **DEFENDANT**

* * * * *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objection to the Presentence Investigation Report ("PSR") that affects the guideline calculations. Specifically, Back objects to the application of the two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B) for the undue influence of a minor to engage in prohibited sexual conduct. The government joins the Defendant's objection, and agrees that, due to the facts of this case, the enhancement should not apply.

U.S.S.G. § 2G1.3(b)(2)(B) allows for a two-level increase when "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." The application notes for section (b)(2)(B) counsel that "In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies." U.S.S.G. §2G1.3(b)(2)(B), n. 3(B). The guidelines presume that a 10-year age disparity features "some degree of influence." *Id*. The application notes also says

that, when a court is determining whether or not to apply the enhancement, it should "closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." *Id*.

The actions taken by Back in this case, while undoubtedly criminal, are not representative of someone exerting undue influence on his victim. Back's choice to engage in an illicit sexual relationship with a child was deplorable. There is no indication, however, that his victim was exposed to any threats, violence, or forceful conduct perpetrated by Back. Nor is there evidence that Back misled, manipulated, or emotionally abused the minor. Though she was legally unable to consent to a sexual relationship, her travel across state lines with Back was willful and encouraged by her parents, as was the relationship itself. Back is 10 years older than the victim, and the degree to which his choices involving her were poor and criminal cannot be overstated. The particular facts of this case, however, rebut the presumption that the 2G1.3(b)(2)(B) enhancement should apply.

For those reasons, and reasons to be discussed further at the sentencing hearing, the United States joins the Defendant's objection to the application of the 2G1.3(b)(2)(B) enhancement.

Respectfully submitted,
JASON D. PARMAN
UNITED STATES ATTORNEY

By: s/ Justin E, Blankenship
Justin E. Blankenship
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 864-5523
Justin.blankenship2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2026, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Justin E. Blankenship*
Assistant United States Attorney