**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION – LONDON**
***** Electronically Filed *****

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff,<br>v.<br><br>**NOAH BACK,**<br><br>Defendant. | CASE NO. 6:26-CR-71-REW<br><br>Hon. U.S. Dist. Judge Robert E. Wier<br><br>**DEFENDANT BACK'S FORMAL OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT** |

Through counsel, Defendant Noah Back respectfully submits the following objection to the Presentence Investigation Report ("PSIR") that directly impacts the Guidelines calculation:

**U.S.S.G. §2G1.3(b)(2)(B)**

In the plea agreement, the United States and Noah Back recommended to this Court that U.S.S.G. §2G1.3(b)(2)(B) does not apply because "the Defendant did not unduly influence a minor to engage in prohibited sexual conduct." (R.10, Plea Agreement, PageID 29). This recommendation was made by the parties after a thorough review of the facts of the case.

Nonetheless, Paragraph 21 of the PSIR increases his offense level due to "the substantial difference in age between the participant and the minor." The probation officer relied on the rebuttable presumption and reasoned that Noah was more than ten years older than A.C. and the distance between her home and the hotel in Georgia presented a factor because she was dependent on him for lodging and transportation.

Application Note 3(B) provides that this "[C]ourt should closely consider the facts

of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." Here, a close consideration of the facts should persuade this Court that Noah had zero influence over the voluntariness of A.C.'s behavior, and despite the rebuttable presumption, the enhancement is not applicable.

The Sixth Circuit has held that this enhancement "is not limited to force, fraud, or coercion," *United States v. Willoughby,* 42 F.3d 229, 241 (6th Cir. 2014), but it also includes "manipulating" and "preying upon" a vulnerable victim." *United States v. Reid,* 751 F.3d 763, 768 (6th Cir. 2014). Yet none of these predatory behaviors apply in this case.

Though the undue-influence enhancement does not contain a *mens rea* requirement that Noah knew she was a minor, it is nonetheless noteworthy that both A.C. and **her mother** lied about A.C.'s age. A.C.'s mother endeavored to have Noah date A.C. and even had plans for him to marry A.C. This relationship was permitted and enforced by A.C.'s mother. Noah attempted to end his relationship with A.C. when he learned her true age but A.C.'s mother threatened to report him. If he had an argument with A.C., her mother threatened to report him. She even threatened to report him if there were rumors that he was frequenting college hangouts with friends. She gave him money to spend on A.C. and even financially assisted with expenses for his birthday trip to Georgia. This case is not similar to the typical 18 U.S.C. § 2423(a) convictions, and Noah's immaturity and naivety should be considered.

This enhancement should not apply because Noah Back did not force or coerce A.C. to travel to Georgia or to engage in sexual intercourse. Nor did he commit fraud

against her or manipulate or prey upon her. When setting the age difference aside, there is no further evidence to support this undue influence enhancement, because Noah Back did not, in any way, compromise the voluntariness of A.C.'s behavior. *United States v. Davis,* 924 F.3d 899 (2019).

Respectfully Submitted,

LOVE LAW FIRM, PLLC
1374 Hwy. 192 E., Suite 19
Post Office Box 3105
London, Kentucky 40743
TELEPHONE: (606) 877-5683
FAX: (606) 729-0854
info@christylovelaw.com

s/*Christy J. Love*
Christy J. Love, Esq.
Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 20, 2026 the foregoing Objection was filed electronically with the Clerk of the Court by using CM/ECF System which will send notice of filing to all counsel of record.

s/*Christy J. Love*
Christy J. Love, Esq.
Attorney for Defendant